## Frederic C. Weir et al. v. City of Chicago.

1. CONTRACTS—*Construction of.*—A contract provided that " when the tunnel is partly in earth and partly in rock, the contractor will be paid an additional price per cubic yard for rock excavation over and above the unit price per lineal foot of tunnel in earth." The prices fixed upon were * * * " rock excavation over and above cost of lineal foot of tunnel or shaft, $2 per cubic yard." Proof of extrinsic circumstances was admitted to explain the contract and the evidence showing that the additional price provided was reasonable and proper, *it was held* that the additional price applied to excavation wholly in rock as well as to excavation partly in rock and partly in earth.

2. SAME—*Construction of.*—Where a contract provided that " when the tunnel is in rock, the brick lining may, if deemed secure by the city engineer, be reduced one ring less of brick," *it was held,* no provision having been made therefor in the contract, that no deduction could be made from the price agreed upon on account of an omission made as above provided for.

Assumpsit, for work and material. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded unless parties agree to judgment here. Opinion filed December 14, 1896.

L. D. CONDEE and LOUIS BOISOT, JR., attorneys for appellants.

WM. G. BEALE, Corporation Counsel, BYRON BOYDEN, and EDWARD B. BURLING, Assistant Corporation Counsel, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

October 19, 1895, the appellants entered into a contract with the city for the construction of a tunnel under the earth for the introduction of water. Among the provisions of the contract were these:

" Said work shall be done in accordance with plans prepared for the doing of the same, on file in the office of the Department of Public Works of said city, and with the specifications appended hereto, and made a part of this contract.

And it is understood and agreed that no claim whatever will be made by the said parties of the first part for extra work or material, or for a greater amount of money than is herein stipulated to be paid, unless some changes in or additions to said work, requiring additional outlay by said parties of the first part, shall first have been ordered, in writing, by said Commissioner of Public Works."

And in the specifications were these:

" The tunnels shall be lined with brick masonry, the bricks being laid longitudinally with the tunnel, with the edges toward the center, and with toothing joints. In every instance all spaces left between the outside of the regular brick work and the excavation, shall be filled in with solid brick masonry, but no allowance will be made for such additional work and material.

When the tunnel is partly in earth and partly in rock, the contractor will be paid an additional price per cubic yard for rock excavation over and above the unit price per lineal foot of tunnel in earth.

The tunnel shall be lined with brick masonry in three rings, or about thirteen inches in thickness.

When the tunnel is in rock, the brick lining may, if deemed secure by the city engineer, be reduced one ring less of brick."

The prices, so far as relates to this controversy, fixed by the contract, were :

" Tunnel in earth, eight (8) feet internal diameter, sixteen dollars and sixty-five cents ($16.65) per lineal foot.

Tunnel in rock, eight (8) feet internal diameter, fifteen dollars and ninety cents ($15.90) per lineal foot.

Rock excavation over and above cost of lineal foot of tunnel or shaft, two dollars ($2.00) per cubic yard."

The appellants sued for work done in the tunnel, and recovered $3,878.60, about which there is no controversy.

They claimed more, and the parties agreed that their differences are :

" First. Whether or not the contractors are entitled to compensation at the rate two dollars for rock excavation per cubic yard within the cross-section lines of the tunnel, over and above the cost per lineal foot of tunnel or shaft where the work is wholly in rock.

Second. Whether or not the contractors are entitled to compensation for the removal of rock which breaks outside of the cross-section lines as indicated by the engineer.

Third. Whether the contractors are entitled to compensation for filling in with solid brick masonry outside the cross-section lines of the tunnel, called, technically, 'back masonry.'

Fourth. Whether any allowance in respect to the third ring of brick mentioned in the contract, where such third ring is omitted by permission of the engineer, should be made either in favor of the contractors or of the city."

First, it is contended by the city that the two dollars per cubic yard, over and above cost of lineal foot, are to be allowed only where " the tunnel is partly in earth and partly in rock."

The work done by the appellants was wholly in rock. If reference ought to be made to extrinsic circumstances in construing the words of the contract, it appears that in the specifications there was an "approximate estimate of quantities" that there would be in the work to be done by the appellants :

" 2,000 lineal feet of eight (8) feet tunnel in earth.

18,000 lineal feet of eight (8) feet tunnel in rock."

And it also appears that the cost of constructing the tunnel through rock was more than through earth; as the city engineer testified, "from three dollars to four dollars per foot on the average material, as we find it through here. There are places where the rock would cost a good deal more than that over the earth;" and by a calculation made by an assistant city engineer, the allowance of two dollars per cubic yard for rock, would bring the price to be paid to the appellants up to $21.20 per lineal foot of the tunnel.

The specifications stated that " borings have been made by the city near the proposed routes of the tunnels;" but the evidence is that the earth shown by the borings was in a part of the work not reached by the appellants.

Now, the words which provide for the two dollars per cubic yard of rock excavation in addition to the cost per lineal foot, when read in the light of these circumstances, do not make an unreasonable addition to the price to be paid to the appellants, if literally enforced. On that first question we therefore hold that the appellants are in the right.

On the second and third questions, the second sentence above quoted is explicit against the claim of the appellants.

It appears that they have already been paid—how much is not shown—something for " back masonry," as provided for in the fourth sentence quoted, which contains another express negative of any claim therefor.

On the fourth question the answer must be, that no allowance is to be made. Where the third ring is omitted by direction of the city engineer, the work is done in accordance with the specifications, as literally as would be the case if only two rings were mentioned at all.

It follows that the appellants are entitled to recover on account of the rock excavation, deducting, however, what has been paid them for back masonry. If the parties can agree upon the figures, we will enter judgment here—the case having been tried without a jury—otherwise we will reverse the judgment and remand the case for a new trial in accordance with this opinion.